**Kennedy Wayne WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–89–101 CR.**

Court of Appeals of Texas, Beaumont.

March 21, 1990.

Tom Brown, Pace & Brown, Livingston, for appellant.

Terry Brown, Dist. Atty., Livingston, for State.

## OPINION

BURGESS, Justice.

A jury found appellant guilty of burglary of a habitation and assessed punishment at forty-five years' confinement in the Texas Department of Corrections and a $5,000 fine. The sole point of error contends appellant's written custodial statement was obtained as the result of an illegal arrest and was thus inadmissible.

■ The arrest warrant fails to state that appellant is the person accused of the offense.[1] This defect was brought to the trial court's attention during the hearing on the admissibility of appellant's confession, and appellant objected on the same grounds when the confession was introduced into evidence during the trial. The state did not introduce the underlying complaint. No evidence was offered by the state to establish probable cause to issue the warrant or to justify a warrantless arrest.

TEX.CODE CRIM.PROC.ANN. art. 15.-02 (Vernon 1977) provides a warrant shall be sufficient, without regard to form, if it (1) specifies the name of the person whose arrest is ordered; (2) states "that the person is accused of some offense against the

laws of the State, naming the offense"; (3) is signed by the magistrate and names his office in the body of the warrant.

The warrant does not contain the second of the three requisites. Although the back of the warrant states "State of Texas vs. Kennedy Wayne Williams" and it does order appellant's arrest, we find nothing beyond the fact that a municipal court judge executed the warrant to show that a determination of probable cause to arrest appellant was ever made. Therefore, the arrest was illegal.

■ No evidence obtained in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused. TEX.CODE CRIM.PROC. ANN. art. 38.23 (Vernon 1979). The Texas Court of Criminal Appeals has utilized the four-prong analysis of *Brown v. Illinois,* 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975), in determining if an otherwise voluntary confession is inadmissible as the "fruit" of an illegal arrest. *Bell v. State,* 724 S.W.2d 780 (Tex.Crim.App.1986). These four factors are (1) the giving of *Miranda* warnings; (2) the temporal proximity of the arrest and the confession; (3) the presence of intervening circumstances; and (4) the purpose and flagrancy of the official misconduct. *Brown, supra.* The burden of proof of showing the statement is admissible is on the state. *Green v. State,* 615 S.W.2d 700 (Tex.Crim.App.1980).

Appellant was given *Miranda* warnings twice by the peace officers and once by the city judge. The trial judge's finding that the confession was voluntary will not be disturbed on appeal absent abuse of discretion; however, the *Miranda* warnings alone do not purge the taint of the illegal arrest. *Ussery v. State,* 651 S.W.2d 767

---

**1.** The form states:

"**WHEREAS,** Complaint under oath in writing has been made before me, charging that in the City of Corrigan, County of Polk and State of Texas, on the 25 day of November, A.D.1988 _____ did commit the offense of Burglary of a Habitation contrary to the statutes in such cases made and provided, and against the peace and dignity of the State and against the Ordinances of the City of Corrigan, Texas.

**THESE ARE THEREFORE TO COMMAND YOU** to arrest the said Kennedy Wayne

Williams and immediately bring him before the Judge of the Municipal Court in the City of Corrigan, Texas to answer said complaint.

**HEREIN FAIL NOT,** but due service and return make of this Writ as the law directs.

**WITNESS** my signature and seal of office this the 25 day of November, A.D. 1988.

/s/ R.C. Holcomb Judge, Municipal Court, Corrigan, Texas."

(Tex.Crim.App.1983). Appellant confessed approximately one hour after his arrest. Appellant was taken before a city judge; however, there is no evidence the city judge made a probable cause determination or did more than give *Miranda* warnings. This is insufficient to purge the taint of the illegal arrest. *Lewis v. State,* 737 S.W.2d 857 (Tex.App.—Houston [1st Dist.] 1987, pet. ref'd). Likewise, the presentation of the evidence against him is not an intervening circumstance. *Beasley v. State,* 728 S.W.2d 353 (Tex.Crim.App.1987). Although the trial judge found the confession was voluntary and there is evidence the conduct of the officers *after* the arrest was not objectionable, there is no evidence of the events leading to the issuance of the warrant or to the arrest itself. No remarkable circumstances which would purge the taint of the illegal arrest appear in the record. The state failed to meet its burden of proof that the confession was admissible.

The state did not attempt to meet the good faith exception to the exclusionary rule, TEX.CODE CRIM.PROC.ANN. art. 38.23(b) (Vernon 1979), nor do we find any evidence in the record to support its application. We hold the admission of the confession was error.

██ Having found error, we must determine whether the error was harmless beyond a reasonable doubt. TEX.R.APP.P. 81(b)(2). The burglary was accomplished by breaking a window. There was blood in the house. Appellant had a cut on his finger. A radio identified by the victim as belonging to her was sold by appellant the day after the burglary. While this evidence is sufficient to support a finding of guilt, its impact is much greater in light of a confession. The prosecutor argued the confession to the jury. We cannot say that the error made no contribution to the conviction. The point of error is sustained and the judgment of the trial court reversed and remanded for new trial.

REVERSED AND REMANDED.

